WRIGHT, J.
to the jury. If the parties have settled their accounts upon a view of all the circumstances, and the plaintiffs have paid, it will not be permitted them to set aside the settlement and recover back because they have since discovered that in strict law the defendant was not entitled to as much as they allowed him. I have but a single remark to make to you on the evidence. If you believe the testimony of the former commissioners, that they settled their accounts upon full examination, and allowed what was paid because they thought it no more than a reasonable compensation, then, we think, the defendant is entitled to your verdict.
Verdict for the defendant.
Peck, contra,
cited 22 O L. 265.
495] * WRIGHT, J. The action for money had and received, rests upon the broadest equity. If it is unconscionable for the plaintiff to recover, he is not permitted to have a verdict. On the other hand, if the defendant has money of the plaintiff’s, which in good conscience he ought not to retain, the plaintiff is permitted to take a verdict. The issue opens the whole circumstances of the case for consideration, and permits the jury to do justice between the parties. The parties in this case, settled their accounts upon a full view of all the transactions : I say, the parties, because the change of members in the board of commissioners does not effect a change of parties —they are the same legal person. There is no pretence of a mistake, except in law. Every one is chargeable with a knowledge of the law, and a mistake as to the law will not open the way to recover money back, which, in equity, should be retained.' If anything was wrong in this case, the plaintiffs were partieeps eriminis. It was as bad for them to pay out the public money against law, as for the defendant to ask it of them and receive it. Law will not aid guilty parties against each other. If, therefore, strict law is applied to this case, as the plaintiffs claim, they could not recover. As to the admission of' evidence of what this work was, counsel is mistaken : such evidence was not admitted. The evidence admitted was to show that the parties settled, and the plaintiffs allowed only what they then thought a fair compensation, which they intended to allow under the law. We think the commissioners had a legal right to make such allowance under the act; and it is immaterial in this action, in what form they made the allowance.
The motion is overruled.